
RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 APR -2  A 10: 43



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MARVIN E ROGERS,<br>Plaintiff, | § § § | |
| vs. | § | CIVIL ACTION NO. 2:09-1381-HFF-RSC |
| LINDA BRADSHAW, GREGORY KNOWLIN, CAPT ANGELA BROWN, and JON OZMINT,<br>Defendants. | § § § § § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the action be dismissed without prejudice for failure to comply with the exhaustion requirement of the Prison Litigation Reform Act (PLRA). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 3, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on March 11, 2010, along with a motion to compel. The Clerk entered Plaintiff's supplemental objections on March 19, 2010.

In the Report, the Magistrate Judge concluded that the case should be dismissed because Plaintiff has failed to exhaust his administrative remedies. Because it provides a context for considering Plaintiff's objections, the portion of the Report summarizing Plaintiff's efforts to exhaust his administrative remedies is reproduced below:

> [T]he plaintiff initiated the grievance procedure provided by SCDC by filing Grievances TCI- 0539-09 and TCI-9076-09.
> 
> As for Grievance TCI-0539-09, the Plaintiff did not comply with SCDC Policy GA-01.12, Inmate Grievance System, Section 13.1, which requires an inmate to file a grievance on the appropriate forms and should additional pages be needed that the additional page amount to only one page. In the instate case, the Plaintiff filed his grievance on two additional pages and the Plaintiff was given five days to correct and resubmit the grievance in proper form and the Plaintiff failed to do so. Therefore, Plaintiff failed to exhaust his administrative remedies regarding this grievance.
> 
> As for Grievance TCI-9076-09, the Plaintiff did not comply with SCDC Policy GA-01.12, Inmate Grievance System, Section 13.3, which requires the inmate to file a grievance with the institutional grievance coordinator. In the instant grievance, Plaintiff filed the Grievance with the Central Office Headquarters in violation of the referenced Policy. Therefore, Plaintiff's grievance was returned unprocessed.

(Report 8 (quoting Aff. of Mary Coleman).)

In his Objections, Plaintiff first provides additional information as to his underlying claim that he is being harassed and denied access to the courts because he is assisting other inmates with their legal issues. (Pl.'s Objections 1-3.) However, that additional information fails to aid Plaintiff because the Magistrate Judge recommended dismissal for failure to exhaust administrative remedies.

Later in his Objections, Plaintiff does respond to the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies. Construing Plaintiff's objections liberally, he appears to argue that, after he received the deficiency notice from the first grievance, he re-submitted his grievance with a one-page attachment and that grievance is the second grievance referenced above by Ms. Coleman. (Pl.'s Objections 4.) The second grievance was rejected because it was sent to the central office rather than to the institutional grievance coordinator. Plaintiff, however, insists that he sent the form to the central headquarters because the grievance coordinator had been reassigned, and he was unsure who else to send it to. (Pl.'s Objections 5.)

Unfortunately for Plaintiff, his own admissions establish that he failed to exhaust his prison administrative remedies. He insists that he never heard back from his second grievance, but, along with his supplemental objections, he submitted a copy of a letter from the inmate grievance administrator informing him that his grievance was not going to be processed because it was addressed to the wrong person. (Pl.'s Supp. Objections 4.) Defendants point out that Plaintiff never appealed this determination, and Plaintiff fails to address that issue. Thus, after considering Plaintiff's Objections, the Court agrees with the Magistrate Judge that Plaintiff has failed to exhaust his administrative remedies.

Plaintiff also filed supplemental objections. In these objections, Plaintiff contends that there is a discrepancy between the grievance identification numbers in Ms. Coleman's affidavit and the number listed in the letter from the inmate grievance administrator. (Pl.'s Supp. Objections 1-2.) However, as mentioned above, Ms. Coleman's affidavit describes two step one grievances, one of which has the same number mentioned in the letter from the inmate grievance administrator. Thus, Plaintiff's argument that there is a discrepancy is without merit.

3

Plaintiff also appears to argue that one of the grievances he filed disappeared, demonstrating Defendants' intent to deprive him of access to the Courts. In carefully reviewing Plaintiff's claims, however, it appears that the grievance that allegedly disappeared is the grievance that was sent to the central headquarters. As stated above, that grievance was unprocessed because it was addressed to the wrong person. To the extent that Plaintiff may have filed a third grievance, Defendants have no record of such a grievance and, thus, are unable to respond to it. Moreover, Plaintiff's argument that the disappearing grievance is evidence of an intent to deprive him of his constitutional rights is conclusory and unsubstantiated. In short, contrary to Plaintiff's assertions, he has failed to exhaust his administrative remedies, and he must exhaust those remedies before proceeding in this Court.

Separate and apart from his Objections, Plaintiff also filed a motion alleging that the South Carolina Department of Corrections improperly deducted money from his prisoner account to pay the filing fee for this lawsuit. Rather than deducting 20% of the inmate's account balance per month until the entire amount was paid, Plaintiff alleges that Defendants withdrew the full amount from his account to pay the filing fee. In response, Defendants provided an affidavit and supporting documentation demonstrating that only $6.86 was debited from Plaintiff's account and paid toward the filing fee in this case. At the time that amount was debited from his account, Plaintiff had $79.04 in his account. Thus, there is no evidence that Defendants have ever withdrawn more than 20% of Plaintiff's account in this lawsuit. The Court has reviewed its own records, and, to date, Plaintiff has paid only $6.86 toward the filing fee. Thus, the "motion to compel" will be denied.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein.

Therefore, it is the judgment of this Court that the action be **DISMISSED** *without prejudice* for failure to comply with the exhaustion requirement of the PLRA. Further, Plaintiff's motion to compel [docket entry 53] is **DENIED**.

**IT IS SO ORDERED.**

Signed this 1st day of April, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.